# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **THRUSH AIRCRAFT, INC.,** | **Case No. 19-10976(AEC)** |
| Debtor.[1] | |
| **WELLS FARGO BANK, NATIONAL ASSOCIATION,** | |
| **Movant,** | |
| v. | **Contested Matter** |
| **THRUSH AIRCRAFT, INC.,** | |
| **Respondent.** | |

**WELLS FARGO BANK, NATIONAL ASSOCIATION'S RESPONSE AND OBJECTION TO MOTION FOR INTERIM AND FINAL ORDERS (A) AUTHORIZING THE USE OF CASH COLLATERAL PURSUANT TO SECTION 363(c) OF THE BANKRUPTCY CODE; (B) REQUESTING AN EXPEDITED INTERIM HEARING THEREON; AND (C) SCHEDULING A FINAL HEARING ON THE VALUATION AND USE OF CASH COLLATERAL**

NOW COMES Wells Fargo Bank, National Association ("Wells Fargo") and hereby submits this Response and Objection to the Debtor's Motion for Interim and Final Orders (A) Authorizing Use of Cash Collateral Pursuant to Section 363(c) of the Bankruptcy Code; (B) Requesting an Expedited Interim Hearing Thereon; and (C) Scheduling a Final Hearing on the Valuation and Use of Cash Collateral (the "Motion") and, in support hereof, states and shows the following:

---

[1] The last four digits of the Debtor's federal tax identification number and state of incorporation is: (1830) and Georgia. The address of the Debtor's corporate headquarters is 300 Old Pretoria Road, Albany, Georgia 31721.

1. Wells Fargo provided loans to the Debtor under two senior secured loan facilities -- one that is focused on international sales and supported by a guaranty program provided by the Export-Import Bank of the United States; and the second focused on domestic sales. As of the date of the Debtor's commencement of this Chapter 11 case, the Debtor was indebted to Wells Fargo in a principal amount exceeding $12.9 million, which amount is due and owing without dispute. The indebtedness of the Debtor to Wells Fargo is secured by, among other things, a first priority security interest in substantially all of the Debtor's personal property and a certain condominium owned by the Debtor.

2. In the Motion, Debtor seeks authority to use "cash collateral" which the Debtor defines to include accounts, inventory, raw materials, component parts, work-in-process, and/or materials used in the Debtor's business, including proceeds thereof. The Debtor attaches to the Motion an "Executive Summary" that projects the use of cash collateral over a 90-day period to be in excess of $5,760,000.[2]

3. Wells Fargo objects to such use for the reasons set forth in the motion previously filed by Wells Fargo for adequate protection of its interests in property of the estate and for the following reasons:

    (a) The only protection proposed to Wells Fargo for the Debtor's use of cash proceeds of Wells Fargo's collateral totaling in excess of $5,760,000 is the payment to Wells Fargo of $660,000 in monthly installments of $55,000, $580,000, and $25,000. Wells Fargo submits that those adequate protection payments, even if

---

[2] The Executive Summary does not provide a break-out of the use of cash collateral on a weekly basis or provide information as to the amount of cash collateral proposed to be used during the interim period to avoid any alleged irreparable harm.

they are made as budgeted, do not fairly compensate Wells Fargo for the diminution in the value of its collateral resulting from the Debtor's use of approximately $5,760,000 in cash, the use or consumption of raw materials (including component parts), and the use of that portion of Wells Fargo's collateral consisting of machinery and equipment. No replacement lien is proposed to be granted to Wells Fargo for the use of any of the tangible items of its collateral, nor is Wells Fargo offered any reporting of collateral usage or results of the Debtor's operations.

(b) There is no assurance that the Debtor will even be able to make the budgeted adequate protection payments. It is noteworthy that the Debtor reported operating losses of $10,361,641 for its fiscal year ending December 31, 2018, and has reported additional operating losses through June of this year totaling in excess of $1,561,430. In addition, the Debtor's budget reflects a deficit net cash flow of $1,186,479 during the first three months of this Chapter 11 case, in part as a result of $453,607 of restructuring payments to be made to professionals and for HHM's management services and expense reimbursement, interest to HHM as DIP lender totaling in excess of $33,000 and a $12,000 facility fee.

(c) If the protection proposed to be provided to Wells Fargo proves to be inadequate, Wells Fargo would be entitled to a priority claim under Section 507(b) of the Bankruptcy Code. However, because there are no unencumbered assets in the estate and the assets that exist will be further leveraged by the proposed DIP financing, a claim under Section 507(b) of the Bankruptcy Code is without value.

4. Finally, the Motion fails to limit the use of cash collateral to the amount required to avoid irreparable harm, as required by Bankruptcy Rule 4001(b)(2) ("[T]he court may conduct a preliminary hearing…but the court may authorize the use of only that amount of cash collateral as is necessary to avoid immediate and irreparable harm to the estate pending a final hearing.").

WHEREFORE, Wells Fargo respectfully requests that the Motion be denied and that Wells Fargo receive such other and further relief as is just and equitable under the circumstances.

Respectfully submitted this 11th day of September, 2019.

**PARKER, HUDSON, RAINER & DOBBS**

By: /s/ C. Edward Dobbs
C. Edward Dobbs
Georgia Bar No. 223450
Rufus T. Dorsey
Georgia Bar No. 226705

303 Peachtree Street, N.E., Suite 3600
Atlanta, Georgia 30308
Telephone: (404) 523-5300
Telecopier: (404) 522-8409

*Attorneys for Wells Fargo Bank, National Association*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing **OBJECTION AND RESPONSE OF WELLS FARGO BANK, N.A.** was served via the Court's Case Management/Electronic Case Filing system upon all parties entitled to receive notice in this case pursuant to LBR 2002-1(e), including the following:

>Keith Logue, Esq.
>Law Office of Logue Law, P.C.
>Facsimile:  (770) 321-5751
>Email:  keith@logue-law.com
>
>Ward Stone, Jr., Esq.
>Stone & Baxter LLP
>Facsimile:  (478) 750-9899
>Email: wstone@stoneandbaxter.com

This 11th day of September, 2019.

>_/s/  Michael Sullivan_
>Michael C. Sullivan
>Georgia Bar No. 964038