IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| In re: | Chapter 11 |
| THRUSH AIRCRAFT, INC. | Case No. 19-10976 |
| Debtor. | Judge Austin E. Carter |

**JOINT MOTION OF THRUSH AIRCRAFT, INC. AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF ORDER CONFIRMING STANDING TO FILE AND PROSECUTE ADVERSARY COMPLAINTS AGAINST INSIDERS OF THRUSH AIRCRAFT, INC.**

Thrush Aircraft, Inc. (the "Debtor") and The Official Committee of Unsecured Creditors (the "Committee" together with the Debtor, the "Movants") appointed in the above-captioned bankruptcy case, by and through its undersigned counsel, hereby files this motion (the "Standing Motion") for entry of an order pursuant to 11 U.S.C. §§ 105, 1103(c), 1109(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the Committee's authority and standing to file, prosecute and settle claims and causes of action against any and all insiders of the Debtor. In support of its Motion, the Movants respectively submit as follows:

**PRELIMINARY STATEMENT**

1.  The Movants bring this Standing Motion to obtain leave for the Committee to prosecute certain claims of the Debtor's estate against certain insiders[1] that may yield value for the Debtor's general unsecured creditors. Movants concur that the Committee, as an independent fiduciary willing and able to act for the benefit of the Debtor's unsecured creditors, is better situated to prosecute these claims than the inherently conflicted Debtor. Accordingly, the

---

[1] As defined in 11 U.S.C. § 101(31).

1

Committee seeks standing to pursue avoidance actions against insiders, as well as to seek court authority to settle those claims.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of this Standing Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested herein are 11 U.S.C. §§ 105(a), 1103(c), and 1109(b).

## BACKGROUND

3. On September 4, 2019 (the "Petition Date"), the Debtor filed the above captioned voluntary petition under Chapter 11 of the Bankruptcy Code. [Docket No. 1].

4. On September 16, 2019, the Office of the United States Trustee appointed the Committee as an official committee pursuant to § 1102 of the Bankruptcy Code to represent the interests of general unsecured creditors in these cases. [Docket No. 64]. A First Reconstituted Committee was appointed on September 16, 2019 [Docket No. 67], and a Second Reconstituted Committee was appointed on September 19, 2019 [Docket No. 89].

5. On December 9, 2019 this Court entered its *Order Approving Joint Settlement Motion* [Docket No. 260] which approved the *Stipulation and Agreement of Global Settlement of Controversies Among the Official Committee of Unsecured Creditors of Thrush Aircraft, Inc., Wells Fargo Bank, National Association, Wells Fargo Equipment Finance, Inc., and Thrush Aircraft, Inc.* (the "Stipulation") [Docket No. 234]. The Stipulation carved out certain Remaining Assets[2] from the Debtor's sale of substantially all of its assets to HHM Aviation Financing, LLC.

---

[2] "Remaining Assets" is defined as: "those assets that were not sold by the Debtor to HHM pursuant to the 363 Sale, including, without limitation, all claims, demands, reckonings, and causes of action that the Debtor may have against

2

6. Since the Petition Date, the Debtor has been operating as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

7. There exists a need to issue demand letters to insiders expeditiously, as interest may accrue on the causes of actions from the date of the demand letters. This interest would inure to the benefit of the estate.

8. By this Motion, the Committee seeks standing and authority to file adversary complaints or other actions to prosecute certain claims and causes of action as they extend to the Debtor's insiders.

**RELIEF REQUESTED**

9. By this Motion, and pursuant to §§ 105, 1103(c) and 1109(b) of the Bankruptcy Code, Movants request that the Court enter an order authorizing and appointing the Committee to investigate, commence, prosecute and, if appropriate, settle claims and causes of action against the Debtor's insiders. The Committee requires the requested relief to fulfill its fiduciary responsibilities, as mandated by Congress pursuant to sections 1103(c) and 1109(b) of the Bankruptcy Code.

10. Under §1107, the duties of a debtor-in-possession do not include a trustee's duties under §1106(a)(3) to "investigate the acts, conduct, assets, liabilities and financial condition of the debtor, the operation of the debtor's business . . . and any other matter relevant to the case of the formulation of a plan[,]" including investigation of claims against insiders. This statutory proscription keeps the debtor out of the conflict of investigating itself or its insiders. On the other hand, §1103(c)(2) allocates this investigatory role to the committee.

---

any person or entity, whether arising under Chapter 5 of the Bankruptcy Code or otherwise…" [*See* Docket No. 234 at p. 26]

3

11. Multiple circuits have held that, under appropriate circumstances, bankruptcy courts may allow a creditors' committee to commence and pursue litigation on behalf of the estate.[3] Courts in other circuits have held that the Bankruptcy Code contains an implied right for parties in interest to commence a lawsuit or prosecute a claim on behalf of a debtor-in-possession with bankruptcy court approval. *In re STN Enterprises*, 779 F.2d 901, 904 (2d Cir. 1985) (holding that "§§ 1103(c)(5) and 1109(b) imply a qualified right for creditors' committees to initiate suit with the approval of the bankruptcy court"); *Coral Petroleum, Inc. v. Banque Paribas-London*, 797 F.2d 1351, 1363 (5th Cir.1986) (suggesting that § 1109(b) provides a basis for standing of a creditors' committee).

12. If a debtor is unable or unwilling to meet its statutory obligation to maximize the value of its estate, "[t]he practice of authorizing the prosecution of actions on behalf of an estate by [parties in interest] upon a showing that such is in the interests of the estate, is one of long-standing, and nearly universally recognized." *In re Adelphia Comm. Corp.*, 330 B.R. 364, 373 (Bankr. S.D.N.Y. 2005) (citations omitted).

13. As a result, creditors and other stakeholders have "the comfort that potentially valuable (and sometimes critical) claims on behalf of the estate will be prosecuted – without requiring bankruptcy judges to…resort to much more draconian or ineffective mechanisms to

---

[3] *See Official Committee of Unsecured Creditors of Cybergenics Corp. v. Chinery*, 330 F.3d 548, 580 (3d Cir. 2003) (*en banc*); *Official Committee of Unsecured Creditors v. Barron (In re Polaroid Corporation)*, 2004 Bankr. Lexis 841, 2004 WL 1397582 (Bankr. D. Del. June 22, 2004); *Official Committee of Unsecured Creditors v. Cablevision Systems Corp. (In re Valley Media, Inc.)*, 2003 Bankr. Lexis 940, 2003 WL 21956410 (Bankr. D. Del. August 14, 2003); *Official Committee of Unsecured Creditors v. Clark (In re Nat'l Forge Co.)*, 304 B.R. 214 (Bankr. W.D. Pa 2004), *aff'd*, 326 B.R. 532 (W.D. Pa. 2005); *Scott v. National Century Enterprises, Inc. (In re Baltimore Emergency Services II Corp.)*, 432 F.3d 557, 560 (4th Cir. 2005); *In re Commodore Int'l Ltd.*, 262 F.3d 96 (2d Cir. 2001); *Louisiana World Exposition v. Fed. Ins. Co.*, 858 F.2d 233, 253-54 (5th Cir. 1988); *Unsecured Creditors Committee v. Noyes (In re STN Ent.)*, 779 F.2d 901, 904 (2d Cir. 1985).

4

ensure the prosecution of those claims, with the destruction to going concern value and creditor recoveries that would frequently be the result." *Id*.

14. Additionally, courts have authorized creditors' committees to pursue claims when conflicts impair the debtor-in-possession from fulfilling its duty to investigate causes of action.

15. "[W]here a debtor-in-possession possesses a cause of action – and, because the estate will benefit as a result, must assert that cause of action… yet is unable, because of a conflict of interest, to bring that action, allowing a creditors' committee to pursue the suit on the debtor-in-possession's behalf will often prove beneficial to the estate." *Louisiana World Exposition*, 858 F.2d at 251.

16. Typically, courts require four showings before granting a creditors' committee derivative standing to pursue claims, specifically:

   a. a demand has been made upon the statutorily authorized party to take action;

   b. the demand is declined;

   c. a colorable claim that would benefit the estate if successful exists; and

   d. the inaction is unjustifiable considering the debtor-in-possession's duties in the case.

*See In re G-I Holdings, Inc.*, 313 B.R. 612, 630 (Bankr. D.N.J. 2004).

17. Considering the instant facts and the agreement of the Debtor to this relief, the Movants posit the only relevant inquiry is if the claims are colorable and would benefit the estate. The potential defendants in the contemplated avoidance actions are insiders. The Debtor, as a debtor-in-possession, would be put in the circumstance of prosecuting defendants within its own inner circle, which constitutes a "patent conflict of interest." *In re Nat'l Forge Co.*, 304 B.R. at 545. Therefore, the Debtor, even if willing, is nevertheless unable to prosecute these claims.

18. Based on its initial investigation, Movants believe colorable claims exist for avoidance actions against certain of the Debtor's insiders.

19. Courts have defined a "colorable" claim as one which "is plausible or 'not without merit.'" *Jensen v. Schweiker*, 709 F.2d 1227, 1230 (8th Cir. 1983). Courts have also acknowledged that a liberal standard should be applied in making a determination as to colorability. *Official Committee of Unsecured Creditors of Grand Eagle Companies, Inc. v. Asea Brown Boveri, Inc. (In re Grand Eagle Companies, Inc.)*, 310 B.R. 79, 95 (Bankr. N.D. Ohio 2004) (courts take a liberal approach in determining whether a claim is colorable); *In re Valley Park, Inc.*, 217 B.R. 864, 869 n.4 (Bankr. D. Mont. 1993) (committee "does not have to satisfy the quantum of proof necessary for a judgment in order to show a colorable claim").

20. For the foregoing reasons, the Committee requests to be conferred with standing to bring causes of action against the Debtor's insiders, and to file and prosecute adversary complaints against, or enter into settlement agreements with, the Debtor's insiders.

## RESERVATION OF RIGHTS

21. The Committee reserves its rights to seek authority to commence and prosecute other claims and/or causes of action, on behalf of the Debtor's estate, or any other parties, as the Bankruptcy Case progresses.

## NO PRIOR REQUEST

22. No prior request for the relief sought herein has been made to this or any other court.

## CONCLUSION

23. Movants respectfully request that the Court enter an order: (i) granting the Committee standing to investigate, file, prosecute and resolve claims and causes of action against the Debtor's insiders; and (ii) granting any other and further relief that is appropriate under the circumstances.

Respectfully submitted this 23rd day of January 2020.

By:

**STONE & BAXTER LLP**

*/s/ Ward Stone, Jr.*
Ward Stone, Jr. (Georgia Bar No. 684630)
Matthew S. Cathey (Georgia Bar No. 759547)
G. Daniel Taylor (Georgia Bar No. 528521)
wstone@stoneandbaxter.com
mcathey@stoneandbaxter.com
dtaylor@stoneandbaxter.com
Fickling & Co. Building, Suite 800
577 Mulberry Street
Macon, Georgia 31201
478.750.9898

*Counsel for Thrush Aircraft, Inc.*

**HORWOOD MARCUS & BERK CHARTERED**

Aaron L. Hammer (Illinois Bar No. 6243069)
John W. Guzzardo (Illinois Bar No. 6283016)
Nathan E. Delman (Illinois Bar No. 6296205)
ahammer@hmblaw.com
jguzzardo@hmblaw.com
ndelman@hmblaw.com
500 W. Madison, Suite 3700
Chicago, IL 60661
Telephone: (312) 606-3200
Facsimile: (312) 606-3232

5138630/2/19342.012

**BOYER TERRY, LLC**

Wesley J. Boyer (Georgia Bar No. 073126)
wes@boyerterry.com
348 Cotton Ave., Suite 200
Macon, GA 31201
Telephone: (478) 742-6481
Facsimile: (770) 200-9230

*Counsel for Official Committee of
Unsecured Creditors of Thrush Aircraft, Inc.*

8